UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No. 18-20022-MAM |
| FRANK THEATRES MANAGEMENT, LLC, | Chapter 11 |
| Debtor._____/ | |
| In re: | Case No.: 18-17840-EPK |
| RIO MALL, LLC, | Chapter 11 |
| Debtor._____/ | |
| In re: | Case No.: 18-20019-EPK |
| FRANK INVESTMENTS, INC., | Chapter 11 |
| Debtor._____/ | |
| In re: | Case No. 18-20023-MAM |
| FRANK ENTERTAINMENT COMPANIES, LLC, | Chapter 11 |
| Debtor._____/ | |

**DEBTORS' *EX PARTE* MOTION FOR ORDER AUTHORIZING AND DIRECTING: (A) THE JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES; AND (B) ALL PLEADINGS, NOTICES, AND ORDERS FILED OR TO BE FILED IN THE RIO MALL CASE TO BE DEEMED FILED IN AND APPLICABLE IN THE FRANK INVESTMENTS, FRANK THEATRES, AND <u>FRANK ENTERTAINMENT CASES</u>**

Debtors-in-Possession, Frank Theatres Management, Inc., ("Frank Theatres"), Rio Mall,

LLC ("Rio Mall"), Frank Investments, Inc. ("Frank Investments"), and Frank Entertainment

{2244/000/00413408}

Companies, LLC ("Frank Entertainment") (collectively, the "Debtors"), by and through their undersigned counsel, and pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Rules 1015-1, 9013-1(C)(14), and 5005-1, file this *Ex-Parte Motion for Order Authorizing and Directing (A) the Joint Administration of Related Chapter 11 Cases; and (B) All Pleadings, Notices, and Orders Filed in the Rio Mall Case to be Deemed Filed in and Applicable in the Frank Investments, Frank Theatres, and Frank Entertainment Cases,* and in support thereof, respectfully state as follows:

## JURISDICTION

This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b).

## FACTS AND BACKGROUND

1. The Debtors commenced these cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on June 28, 2018 and August 17, 2018[1] (the "Petition Dates"). The first case filed was *In re: Rio Mall, LLC*, Case No. 18-17840-EPK. The related cases, Frank Investments, Frank Theatres, and Frank Entertainment are styled *In re: Frank Investments, Inc.*, Case No. 18-20019-EPK, *In re Frank Theatres Management, LLC*, Case No. 18-20022-MAM, *In re: Frank Entertainment Companies, LLC*, Case No. 18-20023-MAM, respectively (together with Rio Mall, the "Related Cases").

2. Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are operating their businesses and managing their affairs as debtors-in possession.

---

[1] Rio Mall filed its petition on June 28, 2018, while Frank Investments, Frank Theatres, and Frank Entertainment filed subsequently on August 17, 2018.

{2244/000/00413408}

3. Rio Mall is a New Jersey limited liability company. Frank Investments is a Florida Corporation. Frank Theatres and Frank Entertainment are Delaware limited liability companies. The Debtors all share the same management.

4. Rio Mall owns and operates commercial real property that comprises the shopping center known as Rio Mall located at 1127 NJ-47, Rio Grande, New Jersey 08242. Frank Investments is the owner of six pieces of commercial real property, one of which is leased to Frank Entertainment. The remaining five properties are leased to entities that have no affiliation with any of the Debtors. Frank Entertainment operates five movie theatres, two of which are located in New Jersey, with the remaining three theatres operating in Pennsylvania, West Virginia, and South Carolina. Frank Theatres operates as a conduit of the five operating units of Frank Entertainment; it does not generate any income or incur any expenses. Funds from the different operating units of Frank Entertainment are placed in an account held in Frank Theatres' name and Frank Theatres uses said funds to pay the operating expenses incurred by the Frank Entertainment entities.

## **RELIEF REQUESTED AND BASIS THEREFOR**

5. The Debtors respectfully request that the Related Cases be jointly administered, and that one file and one docket be maintained for the Related Cases under Case No. 18-17840-EPK.

6. In the instant cases, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Bankruptcy Rule 1015(b) provides in relevant part, that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the Court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

7. While the Debtors constitute separate legal entities, the issues that will be addressed in these bankruptcy cases will be related and overlapping.

8. The joint administration of the Related Cases will promote judicial economy, reduce the expenses and costs involved in the Related Cases, and will eliminate the possibility of inconsistent rulings.

9. Further, joint administration will permit the Clerk of Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest. The Debtors anticipate that numerous notices, applications, motions, other pleadings and orders in these cases will affect many or all of the Debtors as the Debtors share many of the same interested parties. Joint administration will permit counsel for all parties in interest to include the Debtors' respective cases in a single caption on the numerous documents that will be filed and served in these cases. Joint administration also will enable parties in interest in each of the Chapter 11 cases to be apprised of the various matters before the Court in all of these cases.

10. Given the interlinked commercial relationships amongst the Debtors, joint administration of these cases will provide significant administrative convenience.

11. The Debtors submit that the joint administration of the Related Cases will not give rise to any conflict of interest among the estates of the cases to be jointly administered.

12. The Debtors also request that all pleadings, notices and orders already filed in the lowest numbered case or to be filed therein be deemed to have been filed in and are applicable in the Related Cases.

13. Entry of an order granting the relief requested herein will: (a) significantly reduce the volume of paper that otherwise would be filed with the Clerk of Court, (b) render the

completion of various administrative tasks less costly, and (c) minimize the number of unnecessary delays associated with the administration of multiple separate chapter 11 cases. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way.

14. Accordingly, the Court is authorized to grant the relief requested in this motion. *See generally In re ITG Vegas*, Case. No. 06-11877, ECF No. 19 (Bankr. S.D. Fla. Dec. 6, 2006); *In re Falcon Air Express, Inc*., Case. No. 06-11877, ECF No. 19 (Bankr. S.D. Fla. May 11, 2006).

15. A proposed order granting the relief requested herein has been uploaded to the Court and attached to this Motion as **Exhibit "A".**

**WHEREFORE,** the Debtors respectfully request that this Court enter an order (i) granting this motion; (ii) ordering the joint administration of the Related Cases; (iii) ordering that all pleadings, notices, and orders filed or to be filed in the Rio Mall case are deemed filed in and are applicable in the Frank Investments, Frank Theatres, and Frank Entertainment cases; and (iv) granting such other and further relief as is just and proper.

    Respectfully submitted,

    **SHRAIBERG, LANDAU & PAGE, P.A.**
    Attorneys for the Debtors
    2385 NW Executive Center Drive, #300
    Boca Raton, Florida 33431
    Telephone: 561-443-0800
    Facsimile: 561-998-0047
    msmith@slp.law
    bss@slp.com

    By:  /s/ Max J. Smith
        Bradley S. Shraiberg
        Florida Bar No. 121622
        Max J. Smith
        Florida bar No. 1003544

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Notice of Electronic Filing via CM/ECF to all parties registered to receive such notice in this case on August 24, 2018.

    /s/ Max J. Smith
    Max J. Smith

# EXHIBIT A

{2244/000/00413408}

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                            Case No. 18-20022-MAM

FRANK THEATRES MANAGEMENT,                                        Chapter 11
LLC,

     Debtor.
_____/

In re:                                                            Case No.: 18-17840-EPK

RIO MALL, LLC,                                                    Chapter 11

     Debtor.
_____/

In re:                                                            Case No.: 18-20019-EPK

FRANK INVESTMENTS, INC.,                                          Chapter 11

     Debtor.
_____/

In re:                                                            Case No. 18-20023-MAM

FRANK ENTERTAINMENT                                               Chapter 11
COMPANIES, LLC,

     Debtor.
_____/

**ORDER GRANTING DEBTORS' *EX PARTE* MOTION FOR ORDER AUTHORIZING
AND DIRECTING: (A)THE JOINT ADMINISTRATION OF RELATED
CHAPTER 11 CASES; AND (B) ALL PLEADINGS, NOTICES, AND
ORDERS FILED OR TO BE FILED IN THE RIO MALL CASE
TO BE DEEMED FILED IN AND APPLICABLE IN THE
FRANK INVESTMENTS, FRANK THEATRES, AND
<u>FRANK ENTERTAINMENT CASES</u>**

{2244/000/00413408}

**THIS MATTER** came before the Court upon the Debtors-in-Possession's, Frank Theatres Management, LLC, Rio Mall, LLC, Frank Investment, Inc., and Frank Entertainment Companies, LLC (collectively, the "Debtors") *Ex-Parte Motion for Order Authorizing and Directing: (A) the Joint Administration of Related Chapter 11 Cases; and (B) All Pleadings, Notices, and Orders Filed or to be Filed in the Rio Mall Case to be Deemed Filed in and Applicable in the Frank Investments, Frank Theatres, and Frank Entertainment Cases* (the "Motion") [ECF No. __], pursuant to Fed. R. of Bankr. P. 1015 and Local Rule 1015-1(A)(2).

The cases identified in the case caption of this Order are pending in this Court by Debtors and affiliated companies. It appears that these cases should be jointly administered as authorized under Fed. R. Bank. P. 1015 and Local Rule 1015-1.

Accordingly, it is **ORDERED** that:

1. These cases shall be jointly administered. Case No. 18-17840-EPK is designated as the "lead case".

2. A single case docket and court file will be maintained hereafter under the "lead case" number.

3. Pleadings filed in other than the lead case shall be captioned under the lead case name and case number followed by the words "(Jointly Administered)" and beneath that caption, the case names and numbers for the cases in which the document is being filed. Claims filed shall indicate only the case name and number of the case in which the claim is asserted. Separate claims registers shall be maintained for each case. Ballots shall be styled and filed only in the case name and number of the member case for which the plan being voted on was filed.

{2244/000/00413408}

4. The debtor-in-possession, or if applicable, trustee, will not commingle assets or liabilities unless and until it is determined, after notice and hearing, that these cases involve the same debtor or that another ground exists to order substantive consolidation of these cases.

**SUBMITTED BY:**
Max J. Smith, Esq.
Counsel for the Debtors
2385 NW Executive Center Drive, Suite 300
Boca Raton, Florida 33431
Telephone: (561) 443-0800
Facsimile: (561) 998-0047
msmith@slp.law

*Max J. Smith shall serve a copy of the signed order on all parties of record and file with the Court a certificate of service conforming with Local Rule 2002-1(F).*